1    GREGORY C. GLYNN, Cal. Bar No. 039999
     Email: glynng@sec.gov
2    JASON P. LEE, Cal. Bar No. 196520
     Email: leejas@sec.gov
3

4    Attorneys for Plaintiff
     Securities and Exchange Commission
     Rosalind R. Tyson, Regional Director
5    John M. McCoy III, Associate Regional Director
     5670 Wilshire Boulevard, 11th Floor
6    Los Angeles, California 90036
     Telephone: (323) 965-3998
7    Facsimile: (323) 965-3908

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. **SACV-00626 DOC (SSx)** |
| Plaintiff, | **CONSENT OF DEFENDANT MURGENT CORPORATION TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF** |
| v. | |
| mURGENT CORPORATION, VLADIMIR BORIS BUGARSKI, VLADISLAV WALTER BUGARSKI, and ALEKSANDER NEGOVAN BUGARSKI, | |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        1.     Defendant mUrgent Corporation ("Defendant") acknowledges having

2  been served with the Complaint in this action, enters a general appearance, and

3  admits the Court's jurisdiction over Defendant and over the subject matter of this

4  action.

5        2.     Without admitting or denying the allegations of the Complaint (except

6  as to personal and subject matter jurisdiction, which Defendant admits), Defendant

7  hereby consents to the entry of the Judgment in the form attached hereto (the

8  "Judgment") and incorporated by reference herein, which, among other things:

9            (a)    permanently restrains and enjoins Defendant from violations of

10  the securities registration provisions of Sections 5(a) and 5(c) of the Securities Act

11  [15 U.S.C. §§ 77e(a) & 77e(c)], broker registration provision of Section 15(a)(1) of

12  the Exchange Act [15 U.S.C. § 78o(a)(1)], and the antifraud provisions of Section

13  17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange

14  Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder  [17 C.F.R. § 240.10b-5];

15            (b)    orders Defendant to pay disgorgement in the amount to be

16  determined by the Court upon motion by the Commission; and

17            (c)    orders Defendant to pay a civil penalty in the amount to be

18  determined by the Court under Section 20(d) of the Securities Act [15 U.S.C. §

19  77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] upon

20  motion by the Commission.

21       3.     Defendant agrees that it shall not seek or accept, directly or indirectly,

22  reimbursement or indemnification from any source, including but not limited to

23  payment made pursuant to any insurance policy, with regard to any civil penalty

24  amounts that Defendant pays pursuant to the Judgment, regardless of whether such

25  penalty amounts or any part thereof are added to a distribution fund or otherwise

26  used for the benefit of investors.  Defendant further agrees that it shall not claim,

27  assert, or apply for a tax deduction or tax credit with regard to any federal, state, or

28  local tax for any penalty amounts that Defendant pays pursuant to the Judgment,

1   regardless of whether such penalty amounts or any part thereof are added to a
2   distribution fund or otherwise used for the benefit of investors.

3       4.    Defendant agrees that the Court shall order disgorgement of ill-gotten
4   gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d)
5   of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange
6   Act [15 U.S.C. § 78u(d)(3)]. Defendant further agrees that the amounts of the
7   disgorgement and civil penalty shall be determined by the Court upon motion of
8   the Commission, and that prejudgment interest shall be calculated from January 1,
9   2008, based on the rate of interest used by the Internal Revenue Service for the
10  underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).
11  Defendant further agrees that in connection with the Commission's motion for
12  disgorgement and/or civil penalties, and at any hearing held on such a motion: (a)
13  Defendant will be precluded from arguing that it did not violate the federal
14  securities laws as alleged in the Complaint; (b) Defendant may not challenge the
15  validity of this Consent or the Judgment; (c) solely for the purposes of such
16  motion, the allegations of the Complaint shall be accepted as and deemed true by
17  the Court; and (d) the Court may determine the issues raised in the motion on the
18  basis of affidavits, declarations, excerpts of sworn deposition or investigative
19  testimony, and documentary evidence, without regard to the standards for
20  summary judgment contained in Rule 56(c) of the Federal Rules of Civil
21  Procedure. In connection with the Commission's motion for disgorgement and/or
22  civil penalties, the parties may take discovery, including discovery from
23  appropriate non-parties.

24      5.    Defendant waives the entry of findings of fact and conclusions of law
25  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

26      6.    Defendant waives the right, if any, to a jury trial and to appeal from
27  the entry of the Judgment.

28      7.    Defendant enters into this Consent voluntarily and represents that no

1   threats, offers, promises, or inducements of any kind have been made by the
2   Commission or any member, officer, employee, agent, or representative of the
3   Commission to induce Defendant to enter into this Consent.

4       8.    Defendant agrees that this Consent shall be incorporated into the
5   Judgment with the same force and effect as if fully set forth therein.

6       9.    Defendant will not oppose the enforcement of the Judgment on the
7   ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of
8   Civil Procedure, and hereby waives any objection based thereon.

9       10.    Defendant waives service of the Judgment and agrees that entry of the
10  Judgment by the Court and filing with the Clerk of the Court will constitute notice
11  to Defendant of its terms and conditions. Defendant further agrees to provide
12  counsel for the Commission, within thirty days after the Judgment is filed with the
13  Clerk of the Court, with an affidavit or declaration stating that Defendant has
14  received and read a copy of the Judgment.

15      11.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the
16  claims asserted against Defendant in this civil proceeding. Defendant
17  acknowledges that no promise or representation has been made by the Commission
18  or any member, officer, employee, agent, or representative of the Commission with
19  regard to any criminal liability that may have arisen or may arise from the facts
20  underlying this action or immunity from any such criminal liability. Defendant
21  waives any claim of Double Jeopardy based upon the settlement of this proceeding,
22  including the imposition of any remedy or civil penalty herein. Defendant further
23  acknowledges that the Court's entry of a permanent injunction may have collateral
24  consequences under federal or state law and the rules and regulations of self-
25  regulatory organizations, licensing boards, and other regulatory organizations.
26  Such collateral consequences include, but are not limited to, a statutory
27  disqualification with respect to membership or participation in, or association with
28  a member of, a self-regulatory organization. This statutory disqualification has

3

1   consequences that are separate from any sanction imposed in an administrative

2   proceeding.  In addition, in any disciplinary proceeding before the Commission

3   based on the entry of the injunction in this action, Defendant understands that it

4   shall not be permitted to contest the factual allegations of the Complaint in this

5   action.

6       12.     Defendant understands and agrees to comply with the Commission's

7   policy "not to permit a defendant or respondent to consent to a judgment or order

8   that imposes a sanction while denying the allegations in the complaint or order for

9   proceedings."  17 C.F.R. § 202.5.  In compliance with this policy, Defendant

10  agrees: (i) not to take any action or to make or permit to be made any public

11  statement denying, directly or indirectly, any allegation in the Complaint or

12  creating the impression that the Complaint is without factual basis; and (ii) that

13  upon the filing of this Consent, Defendant hereby withdraws any papers filed in

14  this action to the extent that they deny any allegation in the Complaint.  If

15  Defendant breaches this agreement, the Commission may petition the Court to

16  vacate the Judgment and restore this action to its active docket.  Nothing in this

17  paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal

18  or factual positions in litigation or other legal proceedings in which the

19  Commission is not a party.

20      13.     Defendant hereby waives any rights under the Equal Access to Justice

21  Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any

22  other provision of law to seek from the United States, or any agency, or any

23  official of the United States acting in his or her official capacity, directly or

24  indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

25  expended by Defendant to defend against this action.  For these purposes,

26  Defendant agrees that Defendant is not the prevailing party in this action since the

27  parties have reached a good faith settlement.

28      14.     Defendant agrees that the Commission may present the Judgment to

4

1  the Court for signature and entry without further notice.

2      15.    Defendant agrees that this Court shall retain jurisdiction over this

3  matter for the purpose of enforcing the terms of the Judgment.

4      16.    Defendant's Board of Directors have reviewed and approved this

5  Consent and [Proposed] Judgment of Permanent Injunction and Other Relief As To

6  Defendants mUrgent Corporation, Vladimir Boris Bugarski, Vladislav Walter

7  Bugarski, and Aleksander Negovan Bugarski.

8

9                                    mUrgent Corporation

10                                   By:

11

12                                   Vladimir Boris Bugarski
                                     Chief Executive Officer
13

14                                   By:

15

16                                   Vladislav Walter Bugarski
                                     Chief Financial Officer
17

18                                   By:

19

20                                   Aleksander Negovan Bugarski
                                     Chief Operating Officer
21

22

23  On June 15ᵗʰ, 2011, Vladislav W. Bugarski, a person known to

24  me, personally appeared before me and acknowledged executing the foregoing

25  Consent with full authority to do so on behalf of _____ as its

26  _____.

27

28  _____
    Notary Public



ALEX TORREBLANCA
Commission # 1825348
Notary Public - California
Riverside County
My Comm. Expires Dec 17, 2012

5

1    Notary Public

2    Commission expires: Dec, 17, 2012.

3

4

5

6    Approved as to form:

7

8

9

10   Thomas L. Gourde, Esq.
     Ray & Gourde, LLP
11   111 Pacifica Ste 120
     Irvine, CA 92618

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Notary Public

2   Commission expires:

3

4

5

6   Approved as to form:

7

8

9   Thomas L. Gourde, Esq.

10   Ray & Gourde, LLP
     111 Pacifica Ste 120

11   Irvine, CA 92618

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Orange
} SS.

On June 16th, 2011, before me, Ramzan Jattala ************, Notary Public,
DATE

personally appeared Aleksander Nagovan Begovski, who proved to me on the

basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

RAMZAN JATTÁLA
COMM. # 1889937
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Exp. Jun. 8, 2014

NOTARY'S SIGNATURE

PLACE NOTARY SEAL IN ABOVE SPACE

## OPTIONAL INFORMATION

The information below is optional. However, it may prove valuable and could prevent fraudulent attachment of this form to an unauthorized document.

CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

☐ INDIVIDUAL
☐ CORPORATE OFFICER _____
☐ PARTNER(S)                    TITLE(S)
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

_____

SIGNER (PRINCIPAL) IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)

_____

_____

DESCRIPTION OF ATTACHED DOCUMENT

_____
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

_____
DATE OF DOCUMENT

_____
OTHER

RIGHT
THUMBPRINT
OF
SIGNER

Top of thumbprint here

# ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Orange_                    } SS.

On _June 16 by 2011_, before me, Ramzan Jattala ************Notary Public,
      DATE

personally appeared _VLADIMIR BORIS BUGARSKI_, who proved to me on the

basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
RAMZAN JATTALA
COMM. # 1889937
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Exp. JUN. 8, 2014
```

_____
           NOTARY'S SIGNATURE

PLACE NOTARY SEAL IN ABOVE SPACE

## OPTIONAL INFORMATION

The information below is optional. However, it may prove valuable and could prevent fraudulent attachment of this form to an unauthorized document.

CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

- [ ] INDIVIDUAL
- [ ] CORPORATE OFFICER _____
- [ ] PARTNER(S)         TITLE(S)
- [ ] ATTORNEY-IN-FACT
- [ ] TRUSTEE(S)
- [ ] GUARDIAN/CONSERVATOR
- [ ] OTHER: _____

_____
_____

SIGNER (PRINCIPAL) IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)

_____
_____

DESCRIPTION OF ATTACHED DOCUMENT

_____
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

_____
DATE OF DOCUMENT

_____
OTHER

RIGHT
THUMBPRINT
OF
SIGNER

Top of thumbprint here

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

Telephone: (323) 965-3998 Fax: (323) 965-3908

On June 22, 2011, I caused to be served the document entitled:

**CONSENT OF DEFENDANT MURGENT CORPORATION TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF**

upon the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be personally delivered each such envelope by hand to the office of the addressee.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS  or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX (BY AGREEMENT ONLY):**  By causing the document to be sent by facsimile transmission.  The transmission was reported as complete and without error.

Date: June 22, 2011

/s/ Gregory Glynn
Gregory Glynn

1

## SEC v. mUrgent Corporation, et al.
### United States District Court – Central District of California
### Case No. SACV-00626 DOC (SSx)
### (LA-3811)
### MASTER SERVICE LIST

1.    Darryl C. Sheetz, Esq.
Law Offices of Darryl C. Sheetz
335 Centennial Way # 100
Tustin, CA   92780-3755
Email: dcsheetz@aol.com

Telephone: (949) 553-0300
Facsimile: (949) 553-0390

**_Attorney for Defendants, Vladimir Boris Bugarski, Vladislav Walter Bugarski, and Aleksander Negovan Bugarski_**


2.    Thomas L. Gourde, Esq.
Ray & Gourde, LLP
111 Pacifica Ste 120
Irvine, CA 92618
Email: tgourdelaw@cox.net

Telephone: (949) 825-6520
Facsimile: (949) 825-6544

**_Attorney for Defendant, mUrgent Corporation_**