JOHN M. MCCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
JASON P. LEE, Cal. Bar No. 196520
Email: leejas@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>mURGENT CORPORATION, VLADIMIR BORIS BUGARSKI, VLADISLAV WALTER BUGARSKI, and ALEKSANDER NEGOVAN BUGARSKI,<br><br>    Defendants. | Case No. **SACV11-00626 DOC (SSx)**<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF MOTION FOR FINAL JUDGMENT OF DISGORGEMENT AND CIVIL PENALTIES AGAINST ALL DEFENDANTS**<br><br>Date:    February 27, 2012<br>Time:    8:30 a.m.<br>Place:    Courtroom 9D<br>           Santa Ana Federal Courthouse<br>           (The Hon. David O. Carter) |

## I. **INTRODUCTION**

In their untimely Joint Opposition to Plaintiff Securities and Exchange Commission's ("Commission") Motion for Final Judgment of Disgorgement and Civil Penalties, Defendants do not even contest the disgorgement or penalty amounts proposed by the Commission in its Motion.[1]  Instead, Defendants argue that no disgorgement or penalties should be imposed because they can't currently pay them.  (Opp. at 10-12.)  Having failed to satisfy their burden of challenging the amount of relief sought by the Commission, Defendants' Opposition fails as a matter of law.

Rather than address the merits of the Motion, Defendants argue that they have been denied the chance to defend themselves and ask that this Court to disregard certain allegations against them in this case as inflammatory.  But their arguments fail for two reasons.

First, and most fundamentally, the positions Defendants take in their Opposition directly violate their Consents to Judgment of Permanent Injunction and Other Relief ("Consents") and this Court's June 27, 2011 Judgment of Permanent Injunction and Other Relief against them ("Judgment").  (See Declaration of Jason P. Lee in Support of Commission's Motion for Final Judgment, Exs. 2-5 (Consents of all Defendants); Ex. 1 (Judgment).) In those Consents, each Defendant specifically agreed not to deny the Commission's

---

[1]  On January 13, 2012, the Commission filed this Motion.  (See Dkt. No. 19.) Any Opposition was due on February 6, 2012.  See Court's Scheduling Order (requires Defendants' to file their Opposition 21 days before the February 27, 2012 hearing date); L.R. 7-9 (setting forth same deadline for Defendants' Opposition). The Defendants, without leave of the Court or notice to the Commission, filed their Opposition on February 13, 2012, seven days after the deadline.  (See Dkt. No. 21.)  Accordingly, the Court may decline to consider the Defendants' untimely filing.  L.R. 7-12.  Notwithstanding the Defendants' tardiness, the Commission addresses their substantive arguments.

allegations in this case or otherwise take any action that would give the impression that those allegations are false.

Second, although Defendants acknowledge they settled the Commission's action against them by executing Consents and that this Court entered the Judgment based on their Consents (Opp. at 3), they now argue that their Consents and the Judgment must be invalidated because a federal district court in the Southern District of New York had questioned a proposed settlement involving the Commission in a wholly separate matter. (Id. at 8-9.) They are wrong. Even if that New York ruling was somehow relevant – and it is not – the settlement in that case had not been approved by the court. Here, this Court, relying on Defendants' Consents, has already entered Judgment against them.

The Commission's Motion, therefore, should be granted.

## II. ARGUMENT

### A. Defendants Have Failed To Demonstrate That The Requested Disgorgement And Penalties Are Not Reasonable

Nowhere in their Opposition do Defendants contest the basic merits of the Commission's Motion for Final Judgment. Indeed, Defendants correctly acknowledge that once the Commission provided a reasonable approximation of their ill-gotten gains, as it has done here, the burden shifts to them to clearly demonstrate that the Commission's figure is not reasonable. (Opp. at 10; Declaration of Nina Y. Yamamoto ¶¶ 5-10.) See also SEC v. Platforms Wireless, 617 F.3d 1072, 1096 (9th Cir. 2010). Yet Defendants have done nothing to satisfy this burden. They do not offer anything to contradict or otherwise call into question the Commission's requested disgorgement of $9,634,782 and prejudgment interest of $1,821,012, for a total of $11,455,884, against all Defendants on a joint and several basis.

Instead, Defendants argue that their inability to pay any disgorgement (or penalties) in and of itself is sufficient for the Court to forgo ordering any monetary

relief here. Defendants inexplicably identify a number of inapplicable authorities relating to factors that the Commission could consider in determining whether or not to impose monetary relief in administrative proceedings. (Opp. at 10-13 citing Rule 630(a) of the Commission's Rules of Practice, 59 SEC Docket 15 1600, among others.) Defendants are wide of the mark.[2] This Court has broad equity powers to order Defendants to disgorge their ill-gotten gains in order to deprive the Defendants' of the monies they have taken from investors and to deter others from violating the federal securities laws. Platforms Wireless, 617 F.3d at 1096. Defendants' purported inability to pay back these stolen monies from funds currently on hand has absolutely no bearing on the Court's decision to order disgorgement.

Defendants also claim that the Commission's requested civil penalties of $8,308,534, $457,750, $398,511, and $470,077 against Defendant mUrgent and Defendants Boris, Walter, and Aleks Bugarski, respectively, are not in the public interest because Defendants would be purportedly forced into bankruptcy. (Opp. at 14.) The prospect of bankruptcy, however, has no bearing on or otherwise addresses the interests of exacting penalties here. See SEC v. Murphy, 626 F.2d 633, 655 (9th Cir. 1980). When determining penalties, courts consider the following factors: (i) the degree of scienter involved; (ii) the isolated or recurrent nature of the infraction; (iii) the defendant's recognition of the wrongful nature of

---

[2] Defendants admit as much. (Opp. at 11 ("Although no statutory requirement addresses the inability to pay as a factor in determining whether a Defendant should be required to pay disgorgement and interest….").) Although the cite to Rule 630 of the Commission's Rules of Practice in support of their argument, that rule speaks to, among other things, the ability of a Respondent in an administrative proceeding to submit evidence of an inability to pay disgorgement or penalties. The Commission, however, retains ultimate discretion as to monetary relief in these proceedings. There is not a single district or appellate court in the Ninth Circuit that has recognized or cited to this rule.

his conduct; (iv) the likelihood, because of the defendant's professional occupation, that future violations might occur; and (v) the sincerity of his assurances against future violations. See id. Defendants do not address a single one of these factors relevant to the Court's decision on assessing civil penalties. Of course, that is not surprising given their pervasive and extreme fraudulent misconduct that caused at least 130 mUrgent investors to lose the sum total of their investment.[3] (Lee Decl., Ex. 6 ¶ 10.)

Instead, they claim that Defendants Boris, Walter, and Aleks Bugarski "are really just businessmen attempting to run a successful corporation for the benefit of their shareholders and employees." (Opp. at 10.) As discussed below, this ridiculous characterization of their misconduct, which serves to challenge the allegations against them, expressly violates the terms of their Consent. It also speaks volumes to the need for assessing third-tier civil penalties against them. Because Defendants have failed to challenge the amount of relief sought, the Commission's motion should be granted in full.

---

[3]   Defendants argue that this is a new allegation. (Opp. at 9.) The Commission's allegations, however, make it readily apparent that investors have lost the sum total of their investment. Defendants utilized high pressure sales tactics, in combination with outright misrepresentations concerning, among other things, Defendant mUrgent's financial condition, business prospects, and IPO plans, and collected $9,634,782 as a result of this misconduct. (Lee Decl., Ex. 6 ¶¶ 3, 9, 18-27; Yamamoto Decl., ¶¶ 5-10) Defendants Boris, Walter, and Aleks misused these funds by lining their own pockets and using mUrgent as a personal piggy bank. (Id. ¶¶ 25-27.) Defendants never had any real plans for an IPO and had forecasted (undisclosed to investors) increasing losses. (Id. ¶¶ 21-24.) Defendants have confirmed the Commission's allegation as they have represented to this Court that they no longer have any of the monies taken from investors. (Opp. 13-16.)

### B. Defendants Are Prohibited From Contesting The Validity Of Their Consents And The Allegations In The Complaint

Defendants complain that they have been denied an opportunity to put forth a defense because, among other things, their Consents prohibit them from contesting the allegations in the Commission's Complaint for purposes of this motion. (Id. at 9.) Defendants' belated regret concerning the terms of their settlement with the Commission is now reflected in their request that this Court disregard their Consents and its Judgment. (Id. 8-10.) Defendants, however, are explicitly prohibited from making this argument. In their Consents, Defendants expressly agreed that they "may not challenge the validity of this Consent or the Judgment." (Lee Decl., Exs. 2-5 ¶ 4; see also id. ¶ 8 ("Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.").)

Defendants, in consultation with their respective counsel, freely and voluntarily entered into their Consents. They represented as much:

> Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

(Id. ¶ 5, respectively.)

Although Defendants concede they cannot contest the allegations in the Complaint for the purposes of this Motion, they simultaneously request that this Court disregard certain allegations as being inflammatory. (Opp. at 9.) Such a contradictory position directly violates the provisions of their Consent:

> … Defendant agrees: (i) not to take any action or make or permit to be made any public statement denying,

5

>>directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis…

(Lee Decl., Exs. 2-5 ¶ 12, respectively.)

In any event, the Commission does not claim, as the Defendants suggest, that they are "some type of mob family running an illegal gambling house." (Opp. at 9.) Rather, the Defendants, two of whom are recidivists, cold-called unsuspecting investors to sell them shares in Defendant mUrgent Corporation's unregistered offerings using blatant misrepresentations, including, but not limited to, that mUrgent's IPO was imminent. (Id., Ex. 6 ¶¶ 6-7, 11-13, 18-21.) Defendant mUrgent raised $9,634,872 from this illicit activity and Defendants Boris, Walter, and Aleks Bugarski misused these funds by taking prohibited cash compensation of $457,750, $398,511, and $470,077. (Id. ¶ 25-27.) They also established a $530,000 slush fund and used mUrgent as their personal piggybank by charging the company for numerous personal expenses. (Id. ¶¶ 3, 10-14, 25-26.) Thus, despite what they may say now in defiance of their Consents, these Defendants are not merely misunderstood businessmen, they ran an illegal boiler-room and profited handsomely from their misconduct. (Opp. at 10.)

Therefore, this Court should disregard Defendants attempts to challenge the Complaint's allegations in opposing the Commission's Motion for Final Judgment.

### C. The New York Ruling in *SEC v. Citigroup* Has No Bearing Here

The Defendants also argue that recent criticism of a settlement proposal in another case by a federal district court in the Southern District of New York, which is currently on appeal, is somehow relevant. (Opp. at 8 citing SEC v. Citigroup Global Markets Inc., Case No. 11 Civ 7387 (JSR), [2011] WL 5903733 (S.D.N.Y., Nov. 28, 2011).) See SEC v. Citigroup Global Markets Inc., 2011 WL 6937373 (2nd Cir. Dec 27, 2011) (stay of district court proceedings pending decision on Commission's motion to stay pending appeal). That ruling has no relevance here.

Unlike in that case, this Court has already relied on and accepted the Defendants' Consents and issued Judgment against them. Defendants cannot rely on this inapplicable ruling to try and rewrite the terms of their agreed-upon settlement with the Commission.

## III. CONCLUSION

Defendants have failed to raise any meritorious argument against this Court issuing a Final Judgment requiring them to pay disgorgement of $9,634,872, together with prejudgment interest of $1,821,012, for a total of $11,455,884 on a joint and several basis. Moreover, Defendants' specious representation that they cannot pay any civil penalties should be disregarded by the Court. Defendant mUrgent and Defendants Boris, Walter, and Aleks should be ordered to pay civil penalties of $8,308,534, $457,750, $398,511, and $470,077, respectively.

DATED:  February 16, 2012            Respectfully submitted,


/s/ Jason P. Lee
Jason P. Lee
Attorney for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. Telephone: (323) 965-3998 Fax: (323) 965-3908

On February 16, 2012, I caused to be served the document entitled:

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF MOTION FOR FINAL JUDGMENT OF DISGORGEMENT AND CIVIL PENALTIES AGAINST ALL DEFENDANTS**

upon the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be personally delivered each such envelope by hand to the office of the addressee.

[ ]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX (BY AGREEMENT ONLY):** By causing the document to be sent by facsimile transmission. The transmission was reported as complete and without error.

Date: February 16, 2012

/s/ Jason P. Lee
Jason P. Lee

8

<u>**SEC v. mUrgent Corporation, et al.**</u>
**United States District Court – Central District of California**
**Case No. SACV-00626 DOC (SSx)**
**(LA-3811)**
<u>**MASTER SERVICE LIST**</u>

1. Darryl C. Sheetz, Esq.
   Law Offices of Darryl C. Sheetz
   335 Centennial Way # 100
   Tustin, CA   92780-3755
   Email: dcsheetz@aol.com

   Telephone:  (949) 553-0300
   Facsimile: (949) 553-0390

   *Attorney for Defendants, Vladimir Boris Bugarski, Vladislav Walter Bugarski, and Aleksander Negovan Bugarski*

2. Thomas L. Gourde, Esq.
   Ray & Gourde, LLP
   111 Pacifica Ste 120
   Irvine, CA 92618
   Email: tgourdelaw@cox.net

   Telephone:  (949) 825-6520
   Facsimile: (949) 825-6544

   *Attorney for Defendant, mUrgent Corporation*