UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O
JS - 6

Case No. SACV 11-0626 DOC (SSx)                            Date: February 28, 2012

Title: SECURITIES AND EXCHANGE COMMISSION -V- MURGENT CORPORATION, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING MOTION FOR FINAL JUDGMENT OF DISGORGEMENT AND CIVIL PENALTIES AGAINST ALL DEFENDANTS

      Before the Court is a Motion for Final Judgment of Disgorgement and Civil Penalties Against All Defendants filed by Plaintiff Securities and Exchange Commission ("SEC") (Docket 19) (the "Motion"). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court hereby GRANTS the Motion.

      **I. BACKGROUND**

      On June 22, 2011, Defendants mUrgent Corproation ("mUrgent"), Vladimir Boris Bugarski ("Boris"), Vladislav Walter Bugarski ("Walter"), and Aleksander Negovan Bugarski ("Aleks") (collectively, "Defendants") each consented to the entry of a judgment of permanent injunction against them (Dockets 10 - 13). On June 27, 2011, this Court entered Judgment of Permanent Injunction against Defendants (Docket 14). Each of the consents provides that the allegations of the Complaint must be accepted as true for the purpose of a motion for disgorgement and civil penalties (Dockets 10-13, ¶ 4).

      The Complaint provides that Defendants created and utilized a "boiler-room" to sell mUrgent stock, in which Defendants supervised employees who cold-called investors, used high

pressure sales tactics, and made material misrepresentations about such things as mUrgent's allegedly imminent IPO. Complaint, ¶ 3. There was, however, no plan for mUrgent to go public. *Id.* at ¶ 19-20. Defendants also misused investor funds, using that money for numerous personal expenses in violation of the Confidential Memoranda for their two offerings. *Id.* at ¶ 25-7. The Complaint asserts the following claims: (1) Unregistered Offer and Sale of Securities, in violation of Sections 5(a) and 5(c) of the Securities Act; (2) Fraud in the Offer or Sale of Securities, in violation of Section 17(a) of the Securities Act; (3) Fraud in Connection with the Purchase or Sale of Securities, in violation of Sections 10(b) of the Exchange Act and Rule 10b-5 Thereunder; (4) Failure to Register as a Broker or Dealer, in violation of Section 15(a)(1) of the Exchange Act; and (5) Control Person Liability Against Boris, Walter, and Aleks, in violation of Section 20(a) of the Exchange Act. Defendants are presumed to have committed each of these violations for the purposes of the present motion.

## II. DISCUSSION

The Court would be well within its rights to grant the SEC's Motion as unopposed due to Defendants' late-filed opposition. Defendants' opposition was due on February 6, 2012 and yet was not filed until February 13, 2012. Pursuant to Local Rule 7-12, the Court could have granted the SEC's Motion on that basis alone. The Court, however, reaches the same result after considering the merits of Defendants' opposition.

### A. Disgorgement

"[A] district court has broad equity powers to order the disgorgement of ill-gotten gains obtained through the violation of the securities laws. Disgorgement is designed to deprive a wrongdoer of unjust enrichment, and to deter others from violating securities laws by making them unenforceable." *SEC v. Platforms Wireless,* 617 F.3d 1072, 1096 (9th Cir. 2010) (quoting *SEC v. First Pac. Bancorp,* 142 F.3d 1186, 1191 (9th Cir. 1998)). Disgorgement forces a defendant to surrender his unjust enrichment, thus eliminating the incentive to violate securities laws. *SEC v. Rind,* 991 F.2d 1486, 1491, 1493 (9th Cir. 1993). In a motion for disgorgement, the SEC must only present evidence of a "reasonable approximation" of the defendants' ill-gotten gains. *Platforms Wireless,* 617 F.3d at 1096. The burden then shifts to defendants to "demonstrate that the disgorgement figure was not a reasonable approximation." *Id.* (quoting *SEC v. First City Financial Corp., Ltd.,* 890 F.2d 1215, 1232 (D.C. Cir. 1989)). Courts have created this burden-shifting system because defendants are more likely to have access to relevant evidence, and "the risk of uncertainty should fall on the wrongdoer whose illegal conduct created that uncertainty." *Id.*

Here, the SEC has set forth a reasonable approximation of Defendants' ill-gotten gains in seeking $9,634,972, which reflects the total proceeds received by Defendants in their unlawful sales of mUrgent stock. Joint and several liability is appropriate because the Defendants in this case collaborated to violate the securities laws. *See id.* at 1098; *SEC v. JT Wallenbrock & Associates,* 440 F.3d 1109, 1117 (9th Cir. 2006). Disgorgement also typically includes prejudgment interest, such that

wrongdoers do not profit from their illegal conduct. *SEC v. Cross Financial Services, Inc.,* 908 F. Supp. 718, 734 (C.D. Cal. 1995). The Judgment specifically provides for the prejudgment interest formula, and the SEC calculated prejudgment interest in accordance with that formula, resulting in a total prejudgment interest amount of $1,821,012. The total combined amount of disgorgement and prejudgment interest jointly and severally owed by Defendants is thus $11,455,884.

The burden then shifts to Defendants to demonstrate that the amount set forth by the SEC is unreasonable. In their late-filed Opposition, Defendants make absolutely no relevant argument to dispute the approximately $9 million base figure or the amount of prejudgment interest set forth by the SEC. Rather, Defendants inexplicably choose to rely on their inability to pay as grounds for the Court to deny the SEC's motion. Defendants have failed to cite any relevant legal authority to demonstrate that their alleged inability to pay should result in the denial of the SEC's Motion. The SEC's Motion for disgorgement is thus hereby GRANTED. The total combined amount of disgorgement and prejudgment interest jointly and severally owed by Defendants is thus $11,455,884.

### B. Civil Penalties

The SEC also seeks "third tier" civil penalties against each of the Defendants. Third tier penalties are available when the securities law violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement [and] such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial loss to other persons." Section 20(d)(2)(C) of the Securities Act, 15 U.S.C. § 77t(d)(2)(c); Section 21(d)(3)(B)(iii) of the Exchange Act, 15 U.S.C. § 78u(d)(3)(B)(iii). By statute, the maximum third tier penalty is the greater of (1) $150,000 for a natural person or (2) the "gross amount of pecuniary gain" to the defendant as a result of the securities law violation. Section 20(d)(2)(C) of the Securities Act, 15 U.S.C. § 77t(d)(2)(c); Section 21(d)(3)(B)(iii) of the Exchange Act, 15 U.S.C. § 78u(d)(3)(B)(iii); 17 C.F.R. § 201.1004 & Table IV (2010) (adjusting statutory penalty amounts for inflation). Here, the SEC seeks civil penalties equal to the pecuniary gain of Defendants' misconduct: $8,308,534 from mUrgent; $457,750 from Boris; $398,511 from Walter, and $470,077 from Aleks.

Like a permanent injunction, civil penalties are designed to deter the wrongdoer from similar violations in the future, so courts frequently apply the factors set forth in *SEC v. Murphy,* 626 F.2d 633 (9th Cir. 1980). *See, e.g., SEC v. Abacus Intern. Holding Corp.,* No. C 99-02191, 2001 WL 940913, at *5 (N.D. Cal. 2001). The *Murphy* factors are: (i) the degree of scienter involved; (ii) the isolated or recurrent nature of the infraction; (iii) the defendant's recognition of the wrongful nature of his conduct; (iv) the likelihood, because of the defendant's professional occupation, that future violations might occur; and (v) the sincerity of his assurances against future violations. 626 F.2d at 655.

Here, both the requirements necessary for "third tier" civil penalties and the majority of the *Murphy* factors are satisfied. The Defendants created and utilized a "boiler-room" to sell mUrgent stock, in which Defendants supervised employees who cold-called investors, used high pressure sales

tactics, and made material misrepresentations about such things as mUrgent's allegedly imminent IPO. Complaint, ¶ 3. There was, however, no plan for mUrgent to go public. *Id.* at ¶ 19-20. Defendants also misused investor funds by taking prohibited cash compensation and using mUrgent as their "personal piggybank." *Id.* at ¶ 25-7. Boris and Walter were previously ordered to cease and desist from violating securities laws by three state securities regulators, such that each of the Defendants was well aware of the illegality of his behavior. This Court is not convinced of the sincerity of Defendants' assurances against future violations, as the Opposition itself attempts to deny wrongdoing. Despite their agreement not to contest any facts in the Complaint, Defendants argue that they are "really just businessmen attempting to run a successful corporation for the benefit of their shareholders and employees." Opposition, 10. The fact that Defendants are still not able to take responsibility for their actions does not suggest that they are sincerely attempting to change their ways. Again, Defendants provide no legal support to contest the SEC's Motion, nor do they even address the *Murphy* factors. The facts of this case are more than sufficient to GRANT the SEC's Motion for Civil Penalties, in the amounts of $8,308,534 from mUrgent; $457,750 from Boris; $398,511 from Walter, and $470,077 from Aleks.

### III. DISPOSITION

For the aforementioned reasons, the SEC's Motion is hereby GRANTED. Defendants shall pay disgorgement of $9,634,872, together with prejudgment interest of $1,821,012, for a total of $11,455,884 on a joint and several basis. Defendant mMurgent is ordered to pay a civil penalty of $8,308,534. Defendant Boris is ordered to pay a civil penalty of $457,750. Defendant Walter is ordered to pay a civil penalty of $398,511. Aleks is ordered to pay a civil penalty of $470,077.

The Clerk shall serve this minute order on all parties to the action.