UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>mURGENT CORPORATION, VLADIMIR BORIS BUGARSKI, VLADISLAV WALTER BUGARSKI, and ALEKSANDER NEGOVAN BUGARSKI,<br><br>Defendants. | Case No. **SACV11-00626 DOC (SSx)**<br><br>**FINAL JUDGMENT AS TO DEFENDANTS mURGENT CORPORATION, VLADIMIR BORIS BUGARSKI, VLADISLAV WALTER BUGARSKI, and ALEKSANDER NEGOVAN BUGARSKI** |

This matter having come before the Court on the Plaintiff Securities and Exchange Commission's (the "Commission") Motion For Final Judgment of Disgorgement and Civil Penalties Against Defendants mUrgent Corporation, Vladimir Boris Bugarski, Vladislav Walter Bugarski, and Aleksander Negovan Bugarski. Defendants previously consented to the Court's jurisdiction over each of them and the subject matter of this action; and consented to the entry of a Judgment of Permanent Injunction and Other Relief as to each of them, which Judgment was entered as to each of the Defendants. (Docket No. 14.) Having

now considered the Commission's motion, aforementioned facts, and all papers and arguments for and against submitted regarding that motion:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by

2

the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by, directly or indirectly, in the absence of any available exemption, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, acting as brokers or dealers to effect any transactions in, or to induce or attempt to induce the purchase or sale of any security unless registered with the Commission.

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $9,634,872, which represents profits gained in connection with the Defendants' offering of securities as alleged in the Complaint, and prejudgment interest thereon of $1,821,012, for a total of $11,455,884. Defendants shall satisfy this obligation by paying $11,455,884 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia

22312, and shall be accompanied by a letter identifying the defendant making the payment and identifying him/it as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the letter and payment shall be simultaneously served on counsel for the Commission in this action. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, defendants may assert any legally permissible defense.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant mUrgent Corporation shall pay a civil penalty in the amount of $8,308,534; Defendant Vladimir Boris Bugarski shall pay a civil penalty in the amount of $457,750; Defendant Vladislav Walter Bugarski shall pay a civil penalty in the amount of $398,511; and Defendant Aleksander Negovan Bugarski shall pay a civil penalty in the amount of $470,077 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendants mUrgent Corporation, Vladimir Boris Bugarski, Vladislav Walter Bugarski, and Aleksander Negovan Bugarski shall each make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission,

Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the respective defendant making the payment and identifying him as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the letter and payment shall be simultaneously served on counsel for the Commission in this action. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, there being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment forthwith.

DATED: February 28, 2012

*/s/ David O. Carter*

HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE